45 F.3d 428
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES Of America, Plaintiff-Appellee,
v.
Clarence Goodwin PERKINS, Defendant-Appellant.
 No. 94-5430.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 13, 1994.
Decided Jan. 6, 1995.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, District Judge. (CR-93-194-1).
 Jerome McFadden, GIBSON & MCFADDEN, Princeton, WV, for Appellant. Rebecca A. Betts, United States Attorney, John C. Parr, Assistant United States Attorney, Charleston, WV, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Clarence Goodwin Perkins pled guilty to being a felon in possession of a firearm, 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1994), and to use of a firearm in a drug trafficking crime, 18 U.S.C.A. Sec. 924(c) (West Supp.1994). The district court gave him a two-level adjustment for obstruction of justice, USSG Sec. 3C1.1,[1] and denied him a three-level adjustment for acceptance of responsibility. USSG Sec. 3E1.1(b). Perkins contests both these rulings on appeal. We affirm.
 
 
 2
 Perkins, a convicted felon, bought a handgun in West Virginia in August 1993 and then drove with a confidential informant (CI) to New York where he traded the gun for drugs. On the return trip, the CI alerted authorities in West Virginia, who monitored Perkins' car after it entered the state. Before his vehicle was stopped, Perkins was met by John Thomas, and a duffle bag containing 59 grams of crack, 58.2 grams of cocaine powder, and .067 grams of heroin was transferred to Thomas' red Mustang.
 
 
 3
 After his arrest, while plea negotiations were ongoing, Perkins testified falsely before a grand jury that John Thomas was not involved in the drug trafficking. He later admitted that Thomas was involved and, after the government moved to rescind his plea agreement,[2] underwent a psychiatric evaluation, and finally pled guilty to the firearms charges in February 1994.
 
 
 4
 In sentencing Perkins, the district court found that he had obstructed justice by committing perjury in his testimony before the grand jury. It awarded him a two-level reduction for acceptance of responsibility, but found that his truthful cooperation and final notice of his intent to enter a guilty plea came too late for him to qualify for a three-level reduction. Reviewing the court's factual determinations under the clearly erroneous standard, United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989), we find no clear error.
 
 
 5
 Perkins argued in the district court that his perjury did not require an adjustment because it did not prevent Thomas' prosecution. However, the adjustment is intended to apply to a defendant who commits perjury regardless of its effect. USSG Sec. 3C1.1, comment. (n.3). On appeal, he claims that his false statements were not material to his own offense of being a felon in possession of a firearm. Even if this were true (which it is not because his possession of the gun was part of the drug trafficking scheme), the adjustment was properly given for Perkins' perjury before the grand jury.
 
 
 6
 In the district court, Perkins stressed that he had, from the beginning, accepted responsibility for his possession of the firearm, the offense of conviction. However, the purpose of the additional level of reduction is to reward timely assistance in the prosecution of the defendant's offense. Here, despite his early acknowledgment of guilt on the firearms charges, Perkins' conduct delayed the resolution of his case. We note that even a two-level adjustment for acceptance of responsibility is not usually awarded to a defendant who receives an enhancement for obstruction of justice. USSG Sec. 3E1.1, comment. (n.4).
 
 
 7
 The sentence imposed is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1993)
 
 
 [2]
 The agreement had been signed by the parties but not formally accepted by the district court